UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD H. CLARK,

    Plaintiff,

v.

File No.  1:15-cv-659

HON. ROBERT HOLMES BELL

OCWEN LOAN SERVICING, LLC et al.,

    Defendants.
                                                              /

## OPINION

This is an action claiming (1) wrongful foreclosure, (2) breach of contract, (3) fraudulent misrepresentation, (4) violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*, and (5) negligence.  Plaintiff Harold H. Clark is a resident of Rapid City, Michigan, whose property was sold in a sheriff's sale after he defaulted on his mortgage obligations.  Defendant Ocwen Loan Servicing, LLC ("Ocwen"), was the servicer of the mortgage.  Defendant Wilmington Trust Company was the holder of the mortgage.[1]  Before the Court is Defendants' motion to dismiss the complaint for failure to state a claim (ECF No. 8).  The motion will be granted in part and denied in part.

---

[1] Wilmington Trust Company is described in the complaint as "Successor Trustee to Bank of America, National Association (Successor by Merger To LaSalle Bank National Association) As Trustee For Morgan Stanley Mortgage Loan Trust 2007-15 AR Mortgage Pass-Through Certificates, Series 2007-15 AR Pursuant to the Pooling And Servicing Agreement Dated as of 10/1/2007."  (Compl. ¶ 9, ECF No. 1-1.)

## I.

Plaintiff alleges that he obtained a mortgage on his property on September 25, 2006. The mortgage was assigned from Mortgage Electronic Registration Services, Inc., to Wilmington Trust Company. Shortly thereafter, the servicing rights for the mortgage were transferred to Ocwen. A number of years later, Plaintiff fell behind in his mortgage payments. In June 2013, he contacted Ocwen to request mortgage assistance. Following a financial interview, he was told that he was pre-qualified for mortgage assistance. Later that month, he submitted a complete application for assistance. Over the next 12 months, he continued to update the information in his application. During that time period, he was repeatedly told by representatives of Ocwen that his application was complete and that he should wait for an answer. He did not receive an answer until February 15, 2015, several weeks after his property was sold in a sheriff's sale. According to a letter from Ocwen, his request was denied because "Your loan has undergone foreclosure and the property is currently being marketed for sale." (Compl. ¶ 19, ECF No. 1-1.) The letter did not indicate whether Plaintiff had been evaluated for "home retention options such as a Tier I and II mod, an ALTA Mod, a Mod 24, a capitalization mod, or a principal balance reduction mod as required by the HAMP guidelines." (*Id.*)

Plaintiff filed this action in state court on May 7, 2015. Defendants removed it to this Court on June 23, 2015.

## II.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but it "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 678.

"A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677).

## III.

### A. Count I: Wrongful Foreclosure

In Count I of the complaint, Plaintiff alleges that Ocwen failed to follow the foreclosure process specified in Mich. Comp. Laws § 600.3204. Specifically, Ocwen failed to:

a. Properly notify Plaintiff . . . in writing of the pending foreclosure proceedings;

b. Properly post notice of the foreclosure sale 4 times in the paper; and

c. Properly calculate the amount due and owing with all costs and fees as of the date of the Sheriff's sale held on 1/23/2015.

(Compl. ¶ 22.) As relief for this claim, Plaintiff seeks to set aside the sheriff's deed and obtain any other relief that the Court "deems just and equitable." (*Id.* at 6.)

Defendants contend that this claim is invalid because Plaintiff has not shown prejudice. "[D]efects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). A plaintiff alleging such a defect or irregularity must show that he has been "prejudiced" by the defendants' failure to comply with state law. *Id.* This holds true even

if the party files suit before the expiration of the 6-month redemption period. *New Jerusalem Deliverance Church v. Evangelical Christian Credit Union*, No. 309571, 2014 WL 238474, at *2 (Mich. Ct. App. Jan. 21, 2014). "To demonstrate such prejudice, [Plaintiff] must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Kim*, 825 N.W.2d at 337. "This showing can be made by demonstrating an ability to redeem the property." *Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 956 (6th Cir. 2014) (citing *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007)).

In *Prince v. Metwest Mortg. Servs.*, Nos. 259448, 260021, 2006 WL 1084393 (Mich. Ct. App. Apr. 25, 2006), the Michigan Court of Appeals considered the claim of a mortgagor who alleged that the defendant failed to post notice on his property. Even though the record was unclear as to whether the defendant complied with the notice requirements of the Michigan foreclosure statute, the claim was dismissed because there was no dispute that the plaintiff had defaulted under the terms of the mortgage agreement, and that he became aware of the foreclosure sale three months before the expiration of the redemption period. *Id.* at *3. Moreover, there was no indication that he took action to redeem the property or that he had the ability to do so. *Id.* Consequently, the claim was dismissed because the plaintiff failed to show prejudice.

Similarly, in Plaintiff's case, he acknowledges that he was informed of the foreclosure sale a few weeks after it occurred. He does not dispute that he defaulted on his mortgage.

He alleges no facts indicating that he would have been able to rectify the default or redeem the property following the sheriff's sale if Defendants had followed the requirements of state law. Consequently, the Court agrees that Plaintiff has not alleged prejudice necessary to state a claim. *Cf. Derbabian,* 587 F. App'x at 955-57 (concluding that the plaintiffs did not adequately plead prejudice where the complaint does not allege that they could have either redeemed the property at the sheriff's sale or paid off the debt owed).

Plaintiff contends that he was prejudiced by Ocwen's failure to respond to his request for mortgage assistance, and that he would have been able to avoid foreclosure if an option for loan modification had been provided. Such allegations are not grounds for challenging the foreclosure, however, because they do not concern the foreclosure process. *See Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294 (6th Cir. 2015) ("An alleged irregularity in the loan modification process . . . does not constitute an irregularity in the foreclosure proceeding."). Thus, Plaintiff does not state a claim for wrongful foreclosure.

### B. Count II: Breach of Contract

In Count II, Plaintiff alleges that the note and the mortgage on his property constituted a contract between him and Ocwen, and that Ocwen breached an implied covenant of good faith and fair dealing in this contract when it failed to mitigate its damages, misled Plaintiff by indicating that he was pre-qualified for a loss-mitigation plan, failed to properly evaluate his application for such a plan, and failed to make a plan available to him prior to the foreclosure sale.

Plaintiff's allegations do not state a claim because "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Mich., Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006); *see also Deming-Anderson v. PNC Mortg.*, — F.Supp.3d —, No. 15-CV-11688, 2015 WL 4724805, at *6 (E.D. Mich. Aug. 10, 2015) (citing *Fodale* and rejecting claim that bank breached implied covenant of good faith and fair dealing by "failing to mitigate damages by failing to offer home retention options to Plaintiff, failing to properly evaluate Plaintiff for assistance, and misleading Plaintiff about her prequalification for loss mitigation options"); *Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d 896, 904 (E.D. Mich. 2012). Consequently, Count II will be dismissed.

### C. Count III: Fraudulent Misrepresentation

Next, Plaintiff claims that Ocwen made false representations, and that these representations induced him to refrain from defending against the foreclosure. A claim for fraudulent misrepresentation requires a plaintiff to establish that:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

*Bergen v. Baker*, 691 N.W.2d 770, 774 (Mich. Ct. App. 2004). In addition, Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also* Mich. Ct. R. 2.112(B)(1)

7

(requiring allegations of fraud to be stated with particularity). According to the Sixth Circuit, a plaintiff alleging fraud must "specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008). "At a minimum, [a plaintiff] must allege the time, place and contents of the misrepresentations upon which [he] relied." *Id.*

Plaintiff's allegations are not sufficiently detailed to state a fraud claim. The complaint does not identify the specific statements that were fraudulent, let alone identify the speaker or explain why the statements were false. Plaintiff contends that he should be given the opportunity for discovery to provide more details regarding his fraud claim, but Plaintiff should already have knowledge of the statements that he relied upon. Moreover, allowing discovery would defeat several of the purposes of the particularity requirement for alleging fraud, including: protecting a defendant's reputation from fraud allegations, preventing "fishing expeditions" to discover unknown wrongs, and narrowing "potentially wide-ranging discovery to only relevant matters." *Thompson v. Bank of Am. N.A.*, 773 F.3d 741, 751 (6th Cir. 2014).

In any event, even if Plaintiff had sufficiently alleged a claim, it would be barred by the statute of frauds applicable to financial institutions, Mich. Comp. Laws § 566.132. Under that statute, an action may not be brought against a financial institution to enforce a promise to "modify, or permit a delay in repayment or performance of a loan, . . . or other financial

accommodation," unless it "is in writing and signed with an authorized signature by the party to be charged" with the promise. Mich. Comp. Laws § 566.132(1)-(2). "The language of this statute is unambiguous and should be read as an 'unqualified and broad ban' of any claim—'no matter its label'—against a financial institution to enforce the terms of an oral promise waiving a loan provision." *Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468-69 (6th Cir. 2012) (quoting *Crown Tech. Park v. D & N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000)).

To the extent Ocwen's agents misrepresented that Plaintiff was pre-qualified for mortgage assistance, that his application for such assistance was complete, or that Ocwen would delay the foreclosure sale until it evaluated his options for loss mitigation, such statements amount to a promise to make a "financial accommodation" under the statute of frauds. *See FEI Co. v. Republic Bank, S.E.*, No. 268700, 2006 WL 2313612, at *2 (Mich. Ct. App. Aug.10, 2006) ("[A]n agreement to delay a foreclosure sale is an agreement to make a 'financial accommodation' within the scope of MCL 566.132(2)(a)."); *accord Williams*, 508 F. App'x at 469. Plaintiff does not allege that any of the representations made by Defendants were in writing. Thus, he cannot assert a claim for fraudulent misrepresentation. *See Teall v. One West Bank*, No. 318815, 2015 WL 728562, at *2 (Mich. Ct. App. Feb. 19, 2015) (misrepresentation claim based on promise to adjourn foreclosure proceedings and to consider plaintiff for loan modification barred by statute of frauds); *Republic Bank v. Britton Estates, L.L.C.*, No. 258616, 2006 WL 445916, at *4 (Mich. Ct. App. Feb. 23, 2006)

9

(misrepresentation claims regarding modification of loan barred by statute of frauds).

### D. Count IV: RESPA

Plaintiff also claims that Ocwen violated regulations promulgated pursuant to section 1022(b) of the Dodd–Frank Act, 12 U.S.C. § 5512(b), and RESPA, including: 12 C.F.R. §§ 1024.41, 1024.38, and 1024.39. These regulations require loan servicers to maintain policies and procedures to achieve various objectives, one of which is "[p]roperly evaluating loss mitigation applications." 12 C.F.R. § 1024.38(b)(2). They also require a loan servicer to make good faith efforts to establish live contact with a delinquent borrower within 36 days of the delinquency, and then promptly thereafter to inform the borrow about the availability of loss mitigation options. 12 C.F.R. § 1024.39(a). In addition, they prohibit a loan servicer from foreclosing on a property in certain circumstances if the borrower has submitted a complete loss mitigation application 37 days or more before the foreclosure sale. 12 C.F.R. § 1024.41(g). The servicer must promptly review a loss mitigation application, evaluate the options available to the borrower, and provide notice in writing to the borrower of the options that it will offer. *Id.* at § 1024.41(b)-(c).

Here, Plaintiff alleges that he submitted a complete application more than 37 days before the foreclosure sale, and that Defendants failed to review it or provide notice of any available options before initiating the foreclosure. As relief for this claim, Plaintiff seeks an order to set aside the sheriff's sale and to require Ocwen to evaluate Plaintiff for a loan modification in accordance with federal guidelines. Plaintiff also seeks damages, including

"all damages to which he is entitled under RESPA, . . . emotional damages, elimination of all arrearage added to Plaintiff's mortgage loan that resulted from Defendant's illegal activity, and costs and attorney fees." (Compl. 15, ECF No. 1-1.)

Ocwen contends that RESPA does not permit the Court to issue an order to set aside the foreclosure sale or to require Ocwen to review his eligibility for a modification to his loan. RESPA specifically provides for relief in the form of "actual" damages, statutory damages for "a pattern or practice of noncompliance," attorney's fees, and the costs of a successful legal action. 12 U.S.C. § 2605(f). The Court agrees with other courts which have held that RESPA does not provide for injunctive relief. "There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force Defendants to negotiate a loan modification." *Caggins v. Bank of N.Y. Mellon*, No. 15-11124, 2015 WL 4041350, at *2 (E.D. Mich. July 1, 2015). Thus, Plaintiff's relief is limited to damages.

Ocwen further contends that Plaintiff has not sufficiently alleged actual damages that are "a result of" its failure to comply with the statute. 12 U.S.C. § 2605(f). District courts in the Eastern District of Michigan have dismissed many RESPA claims with facts similar to this one on the basis that the plaintiff failed to plead actual damages resulting from the defendant's actions. *See, e.g., Caggins*, 2015 WL 4041350, at *2; *Szczodrowski v. Specialized Loan Servicing, LLC*, No. 15–10668, 2015 WL 1966887, at *7 (E.D. Mich. May 1, 2015); *Servantes v. Caliber Home Loans*, No. 14–13324, 2014 WL 6986414, at *1 (E.D.

Mich. Dec.10, 2014). Defendants rely on similar cases. *See, e.g.*, *Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869 (E.D. Mich. 2010); *Fredericks v. Allquest Home Mortg. Corp.*, No. 15-10429, 2015 WL 1966856 (E.D. Mich. Apr. 30, 2015). Generally, these cases require a plaintiff to allege specific damages flowing from the RESPA violation, or to allege "how a purported violation [of RESPA] resulted in actual damages." *Fredericks*, 2015 WL 1966856, at *3.

The Sixth Circuit, however, has applied a more lenient standard. *See Mellentine v. Ameriquest Mortg. Co.*, 515 F. App'x 419, 424-25 (6th Cir. 2013) (allegation that defendant failed to respond to a written request in a timely fashion and that plaintiffs sustained "damages in an amount not yet ascertained, to be proven at trial" sufficed to state a RESPA claim); *see also Marais v. Chase Home Finance LLC*, 736 F.3d 711, 722 (6th Cir. 2013) (noting that the approach in *Mellentine* "counsels against dismissal of RESPA claims on the basis of inartfully-pleaded actual damages"). Courts in this district have done the same. *See, e.g.*, *Braat v. Wells Fargo Bank, NA*, No. 1:15-CV-483, 2015 WL 5225604, at *2 (W.D. Mich. Sept. 8, 2015) (allegation that plaintiff accrued "arrearage resulting from Defendant's actions and costs and attorney fees" sufficed to survive a motion to dismiss); *Billings v. Seterus*, No. 1:14–CV–1295, 2015 WL 1885627, at *3 (W.D. Mich. Apr. 24, 2015) (allegation of "monetary damages in the amount [plaintiff] owes in arrears and costs and attorney fees" sufficed to survive a motion to dismiss). None of the aforementioned cases

from the Eastern District discusses or applies *Mellentine* or *Marais*. Thus, they are not persuasive.

Defendants also contend that Plaintiff cannot recover damages for the loss of his home. The regulations required Ocwen to review his application for a loan modification, but they did not require Ocwen to provide him with a specific option for modifying the terms of his loan. 12 C.F.R. § 1024.41(a). Thus, Defendants argue that the foreclosure was solely the result of Plaintiff's failure to comply with his mortgage obligations; it was not the result of Ocwen's failure to comply with RESPA.

Even accepting Ocwen's argument, however, Plaintiff alleges other damages that are not tied to the loss of his home. For instance, he alleges that he suffered emotional damages, sustained costs, and accrued arrearage as a result of Defendants' actions. Emotional damages are recoverable under RESPA, provided the plaintiff can show that they are caused by the RESPA violation. *Houston v. U.S. Bank Home Mortg. Wisconsin Serv.*, 505 F. App'x 543, 548 n.6 (6th Cir. 2012). In addition, any expenses incurred by Plaintiff in preparing and updating an application that was allegedly ignored by Ocwen might qualify as damages. *See Marais*, 736 F.3d at 721 (remanding to the district court to consider whether the expense of preparing a written request would qualify as damages where the financial institution provides a deficient response). Finally, Plaintiff's contention that Ocwen repeatedly informed him that his application was complete but failed to provide any response over the course of a year suggests a "pattern or practice" of non-compliance that might qualify for statutory damages.

*See* 12 U.S.C. § 2605(f)(1). In short, the Court is satisfied that Plaintiff's allegations suffice to state a RESPA claim.

### E. Count V: Negligence

Plaintiff contends that Ocwen owed him a duty under federal regulations to evaluate and respond to his application for a loan modification, and that its negligent failure to do so caused him injury. To make out a *prima facie* claim for negligence under Michigan law, Plaintiff must show: (1) a duty owed by Defendant to Plaintiff, (2) a breach of that duty, and (3) damages to Plaintiff caused by the breach. *Haliw v. Sterling Heights*, 627 N.W.2d 581, 588 (Mich. 2001); *Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 177 (Mich. 1993). Citing *Mik v. Federal Home Loan Mortgage Corp.*, 743 F.3d 149 (6th Cir. 2014), Plaintiff asserts that even if the federal regulations do not create a private cause of action in themselves, a violation of federal law can provide evidence of negligence.

Plaintiff's allegations fail to satisfy the first element of a negligence claim; he does not point to any case in which a Michigan court has recognized that federal regulations regarding loan modification impose a duty of care on the servicer or holder of the mortgage. Indeed, the Sixth Circuit has rejected claims similar to Plaintiff's because Michigan courts have not recognized a duty of care imposed by federal regulations under the Home Affordable Modification Program (HAMP). *Rush v. Freddie Mac*, 792 F.3d 600, 605 (6th Cir. 2015). The fact that federal regulations can provide evidence of negligence does not mean that they impose a duty of care. *See Campbell*, 611 F. App'x at 299 ("While . . .

allegations that [a defendant] failed to comply with HAMP regulations may provide evidence of negligent conduct under Michigan law, [a plaintiff] must still show that the HAMP regulations impose on servicers a duty of care owed to borrowers."). In the absence of a duty of care owed by Defendants, Plaintiff does not state a negligence claim.

## IV.

In short, Defendants' motion to dismiss the complaint will be granted in part and denied in part. Plaintiff's claims for wrongful foreclosure, breach of contract, fraudulent misrepresentation, and negligence in Counts I, II, III, and V of the complaint will be dismissed for failure to state a claim. The Court will not dismiss the RESPA claim in Count IV.

An order will be entered that is consistent with this Opinion.


Dated: October 20, 2015                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE